UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WOLFORD, individually and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>WINCO HOLDINGS, INC., et al.,<br><br>Defendants. | No. 2:25-cv-03735-DJC-SCR<br><br><u>ORDER</u> |

Pending before the Court is Defendants' Motion to Dismiss, or Stay, Plaintiff's Complaint. Plaintiff filed the instant wage and hour class action suit against Defendants in Sacramento Superior Court, and Defendants subsequently removed the case to this Court. Defendants now seek dismissal, or alternatively to stay, under the first-to-file rule, the Court's inherent ability to grant a stay, and/or Plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that the first-to-file rule warrants a stay here, the Court GRANTS Defendant's Motion pending the outcome of the *Guillen* action.

////

## BACKGROUND

Plaintiff Joseph Wolford filed the instant wage and hour class action suit in Sacramento Superior Court against Defendants WinCo Holdings, Inc. ("WinCo Holdings"), and WinCo Foods, LLC ("WinCo Foods") for: (1) violation of California Labor Code §§ 510 and 1198 for unpaid overtime; (2) violation of Labor Code §§ 226.7 and 512(a) for unpaid meal period premiums; (3) violation of Labor Code § 226.7 for unpaid rest period premiums; (4) violation of Labor Code §§ 1194, 1197, and 1197.1 for unpaid minimum wages; (5) violation of Labor Code §§ 201 and 202 for final wages not paid; (6) violation of Labor Code § 204 for wages not timely paid during employment; (7) violation of Labor Code § 226(a) for non-compliant wage statements; (8) violation of Labor Code § 1174(d) for failure to keep requisite payroll records; (9) violation of Labor Code §§ 2800 and 2802 for unreimbursed business expenses; and (10) violation of California Business and Professions Code § 17200, et seq. (*See generally* Compl., Ex. A (ECF No. 1-1).) Defendants removed the action to this Court. (Not. Removal (ECF No. 1).)

Defendants now seek dismissal, or alternatively a stay, of Plaintiff's action arguing that (1) the first-to-file rule applies based on a wage and hour class suit captioned *Emily Ashley Guillen v. WinCo Foods, LLC,* No. 5:25-cv-03543-JGP-SP, pending the Central District of California; (2) the Court's inherent authority to grant a stay should be exercised; and (3) Plaintiff failed to meet the pleading requirements of Rule 8. (Mot. Dismiss ("Mot.") at 13.) Plaintiff contends that dismissal and/or a stay under the first-to-file rule is not appropriate because the actions are substantially different. The matter is fully briefed (Opp'n (ECF No. 16); Reply (ECF No. 17)). The Court heard oral argument and ordered the matter submitted. (ECF No. 22.)

### I. *Guillen* Action

On August 7, 2025, Emily Ashley Guillen brought a wage and hour class action lawsuit against WinCo Holdings, LLC in Riverside County Court that was removed to

the Central District of California (the "*Guillen* action").[1] (Mot. at 1.) The First Amended Complaint in *Guillen* brings eight causes of action against WinCo Holdings for: (1) failure to provide compliant meal periods; (2) failure to provide compliant rest periods; (3) failure to pay for all hours worked; (4) failure to pay all overtime owed; (5) wage statement penalties; (6) waiting time penalties; (7) violation of the California Unfair Competition Law; and (8) a claim under the Private Attorney General Act ("PAGA"). (*See* Guillen FAC.) The action is presently pending in the Central District of California.[2]

**LEGAL STANDARD**

"The first-to-file rule allows a district court to [dismiss, transfer, or] stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district." *Chavez,* 2026 WL 807720, at *3 (alteration in original) (citing *Kohn Law Grp., Inc. v. Auto Parts Mfg. MI, Inc.,* 787 F.3d 1237, 1239 (9th Cir. 2015)). This rule seeks to promote efficiency and "should not be disregarded lightly." *Kohn Law Group,* 787 F.3d at 1239 (citation and internal quotation marks omitted). Courts have an "ample degree of discretion" to apply this rule. *Alltrade v. Uniweld Prods. Inc.,* 946 F.2d 622, 628 (9th Cir. 1991) (citation omitted). Courts are

---

[1] Guillen's initial complaint named WinCo Foods as the defendant, and subsequently amended to name WinCo Holdings, Inc., as the defendant. (*See* (ECF No. 13-5); Guillen FAC, Ex. B (ECF No. 13-6).)

[2] Defendants request that the Court take judicial notice of (1) a copy of the complaint filed by Emily Ashley Guillen against WinCo Foods on August 7 ,2025; (2) a copy of the amended complaint filed by Emily Ashley Guillen against WinCo Holdings, LLC on October 24, 2025; (3) a true and correct copy of the Notice of Removal filed with the central district of California; (4) a copy of the Statement of Information filed with the California Secretary of State on behalf of WinCo Foods; (5) a copy of the Statement of Information filed with the California Secretary of State on behalf of WinCo Holdings, Inc.; (6) a Preliminary Approval Order in *Castanon, et al., v. WinCo holdings, Inc.* Under Federal Rules of Evidence 201(b), courts may take judicial notice of facts that are "not subject to reasonable dispute" because they: (1) are "generally known within the trial court's territorial jurisdiction[ ]"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may therefore judicially notice matters of public record, including complaints filed in state and federal court, and filings with Secretary of State. *See Chavez v. Target Corp.,* No. 2:25-cv-01603-DAD-CSK, 2026 WL 807720, at *4 (E.D. Cal. Mar. 24, 2026) (collecting cases); *Gerritsen v. Warner Bros. Entm't Inc.,* 112 F. Supp. 3d 1011, 1033–34 (C.D. Cal. 2015) (taking judicial notice of results retrieved from a Secretary of State's website). Thus, the Court GRANTS Defendants' request to take judicial notice of the supplied documents.

driven to "maximize economy, consistency, and comity" in the application of the first-to-file rule. *Id.* at 1240 (citation and internal quotations omitted). In determining whether the rule applies, a court considers the chronology of the lawsuits, the similarity of the parties, and the similarity of the issues. *Kohn L. Grp.,* 787 F.3d at 1240. "However, even if all three factors are satisfied, the court may decline to apply the first-to-file rule if it finds that the first-filed action was brought in bad faith, as an anticipatory suit, or evinces forum shopping." *Chavez,* 2026 WL 807720, at *4 (citing *Alltrade Inc.,* 946 F.2d at 628).

## DISCUSSION

### I. First to File Rule

#### A. Chronology of Suits

As an initial matter, Plaintiff does not dispute that the *Guillen* action was filed first. (Opp'n at 5.) In fact, the *Guillen* action was filed on August 7, 2025, and amended on October 24, 2025, in Riverside County while the instant action was filed on October 28, 2025, in Sacramento County. (*See* ECF No. 13-5; Guillen FAC; Compl.) Because "courts should apply[ ] the first-to-file rule where the instant action was filed later in time," this factor weighs in favor of Defendants. *Zou v. Mkt. Am., Inc.,* No. 19-cv-01282-LHK, 2019 WL 13218583, at *5 (N.D. Cal. Sept. 12, 2019) (citation and internal quotations omitted).

#### B. Similarity of Parties

Next, the Court considers the similarity of the parties. Defendants argue that this factor weighs in their favor because named defendants and putative classes are substantially similar in both actions. (Mot. at 4–5.) Plaintiff contends that there is insufficient similarity between the parties. (Opp'n at 5–7.)

The first-to-file rule "requires only substantial similarity of parties" not the same "exact identity." *Kohn*, 787 F.3d at 1240. "In a class action, the relevant comparator is the similarity of the proposed classes rather than the class representatives themselves." *Singh v. FCA US LLC,* No. 23-cv-00452-HSG, 2023 WL 7093700, at *2

(N.D. Cal. Oct. 26, 2023) (citations omitted). "[P]roposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Pearson v. Mondelez Glob. LLC,* No. 2:25-cv-01270-WBS-SCR, 2025 WL 2578251, at *2 (E.D. Cal. Sept. 5, 2025) (alteration in original) (citation omitted).

Accordingly, the Court does not find the difference in the named class representatives dispositive and instead assesses the similarity of the proposed classes. Plaintiff seeks to represent "all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time from the period from four years preceding the filings of this Complaint to final judgment," and a subclass of "all class members who earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay that was not used to calculate the amount of the meal break or rest break penalty/premium payment." (Compl. ¶ 14.) The *Guillen* action seeks to represent "[a]ll non-exempt employees who worked for Defendants in California from August 28, 2024 to the date of certification or judgment, whichever is earlier." (Guillen FAC ¶ 15.)

Plaintiff argues that the inclusion of the subclass in the instant action makes the parties dissimilar. District courts have found that substantial similarity exists even where actions seek to represent different subclasses so long as "at least some of the individuals" are represented by both classes. *See Bates-Ferreira v. Swedish Match N. Am., LLC,* No. 2:24-cv-00987-TLN-CKD, 2025 WL 950506, at *3–4 (E.D. Cal. Mar. 28, 2025) (finding parties were substantially similar where there were overlapping nationwide classes even though each action sought to represent different state law subclasses); *but see Roman v. Amazon.com Servs., LLC,* No. 1:21-cv-0667-JLT, 2021 WL 5166142, at *7 (E.D. Cal. Nov. 5, 2021) (declining to find similarity between the parties where the "similarities between the putative class members and factual allegations presented" favored denying application of the first-to-file rule).

Here, there is certainly overlap between the two proposed classes, and it appears that Plaintiff would qualify as a class member in the *Guillen* action. *See Manu v. Nat'l Collegiate Athletic Ass'n*, No. 2:25-cv-01956-LK, 2025 WL 3140840, at *3 (W.D. Wash. Nov. 10, 2025) ("Thus, the parties are substantially similar because the Defendant is the same in both cases, and Manu is the plaintiff here and a member of one of the putative classes in *Patterson*."). Further, although Plaintiff's proposed class would begin in October 2021, there is not a meaningful difference in the timeframe between the two actions because a settlement agreement covers the same class and claims brought by Plaintiff until August 28, 2024. (*See* Mot. at 5 citing (ECF No. 13-10).)

Finally, the Court finds that Plaintiff's naming of WinCo Foods also does not make the *Guillen* action dissimilar. As a practical matter, both lawsuits name WinCo Holdings as a defendant. WinCo Holdings is the parent company of WinCo Foods, such that WinCo Holdings would be the entity held liable in either case. (Mot. at 10.) Further, as other courts in the Ninth Circuit have concluded, "[t]he addition of one new Defendant. . . does not destroy substantial similarity. . .," *Ortiz v. Walmart, Inc.,* No. 2:20-cv-05052-AB-KK, 2020 WL 5835323, at *3 (C.D. Cal. Sept. 18, 2020), particularly where the parties "represent the same interests," *Aqua Connect, Inc. v. SHI Int'l Corp.*, Case No. CV 19-05662-AB (JPR), 2019 WL 8883452, at *3 (C.D. Cal. Dec. 16, 2019). *See also Kohn*, 787 F.3d at 1240 (explaining that omitting one defendant from a second suit did not defeat similarity of parties and that such a conclusion "avoids awarding. . .gamesmanship and is consistent with the policy of the first-to-file rule[.]").

Nevertheless, the Court acknowledges that the subclass reaches individuals under a theory of liability not explicitly present in the *Guillen* action and understands that it may pose challenges for those individuals at the class certification stage. This is further underscored by the fact that class certification has not occurred in *Guillen* and the consequences of dismissal of the instant action at this stage are unclear. This fact

weighs in favor of a stay as opposed to dismissal. But ultimately, the Court finds the parties are substantially similar for purposes of the first-to-file rule.

**C. Similarity of Issues**

Finally, the Court considers the similarity of the issues. Defendants argue that the issues here are substantially similar because the actions share multiple causes of action and will rely on the same facts and evidence. (Mot. at 5–7.) Plaintiff argues that the issues are not substantially similar, as at least four causes of action are not shared between the suits and because *Guillen* seeks civil penalties under PAGA whereas the instant action does not. (Opp'n at 7–8.)

To satisfy the third factor, "[t]he issues in both cases also need not be identical, only substantially similar." *Kohn,* 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, we look at whether there is substantial overlap between the two suits." *Id.* at 1241 (citation and internal quotation marks omitted). In assessing substantial overlap, courts look at whether "the common facts, taken together, would lead to the same central question between the cases." *Murphy v. Sprint/United Mgmt. Co.*, No. 2:20-cv-00507-TLN-DB, 2021 WL 5853579, at *8 (E.D. Cal. Dec. 9, 2021).

Here, the plaintiffs in both actions assert causes of action for: (1) failure to properly pay meal period premiums under Labor Code §§ 226.7 and 512; (2) failure to pay proper rest premiums under Labor Code § 226.7; (3) failure to pay unpaid minimum wages under Labor Code §§ 1194, 1197 (558); (4) failure to pay overtime wages under Labor Code §§ 510 and (1198); (5) wage statement penalties under Labor Code § 226(a); (6) waiting time penalties under Labor Code §§ 201 and 202; (7) violations of the UCL. Moreover, these claims stem from similar allegations about employee pay and rest breaks, actions by company representatives and company policies.

Nevertheless, there are differences between the two suits. First, as discussed above, there are allegations related to shift differential pay/commissions/non-

discretionary bonuses/non-discretionary performance that are not explicit in the *Guillen* complaint. Second, the *Guillen* action asserts a PAGA claim while the instant suit does not. PAGA actions and Rule 23 class actions have "fundamental differences." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014). However, the *Guillen* action is not solely a PAGA action and, like the instant case, brings a Rule 23 class action. The additional theory of liability will not undermine the substantial similarity of the issues because many of the issues presented in the instant action would still be resolved through the *Guillen* action. *See Kohn,* 787 F.3d at 1241 (stating that courts look at "substantial overlap" between the two suits); *see also Adoma,* 711 F. Supp. 2d at 1149 (finding alternate theory advanced to support claims for unpaid overtime did not "necessarily prevent the application of the first-to-file rule"). This reasoning also applies to the additional claims asserted in the instant action for (1) violations of Labor Code § 204 for timely payment of wages during employment; (2) violations of Labor Code § 1174(d) for failure to maintain payroll records[3]; and (3) violations of Labor Code §§ 2800 and 2802 for unreimbursed business expenses. *See Arellano,* No. 22-cv-00639-JGB, 2022 WL 17128542, at *2 (C.D. Cal. July 15, 2022) (explaining that [t]he fact that this action brings additional claims does not preclude applying the first-to-file rule."). Thus, the Court finds that the third factor also weighs in Defendants' favor.

**D. Equitable Concerns**

Plaintiff next argues that even if the threshold elements for the first-to-file rule are met, the Court should not apply the rule due to equitable concerns. (Opp'n at 8–10.) In particular, Plaintiff contends that Defendants have not demonstrated any

---

[3] The Court also notes that Plaintiff's claims under Labor Code §§ 204 and 1174(d) do not create private rights of action. *See Cleveland v. Groceryworks.com,* 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016) (explaining that section 1174(d) does not contemplate a private right of action and instead PAGA is the mechanism through which a claimant can pursue a cause of action for 1174(d)); *Sauls v. Computershare Inc.,* No. 2:24-cv-03164-DAD-AC, 2025 WL 2788047, n.4 (E.D. Cal. Oct. 1, 2025) (stating that section 204 does not create a private right of action, but it may be based on a plaintiff's minimum wage and/or overtime claims).

hardship they would suffer in allowing this action to proceed and that granting Defendants' motion would impose prejudice on Plaintiff's ability to recover, particularly because class certification in *Guillen* has not yet occurred. (*Id.*) Defendants state that there are no equitable concerns because the putative classes' interests are represented in the *Guillen* action and that no statute of limitations issues exist barring class members from bringing their claim should certification fail. (Reply at 8–10.)

Courts have "an ample degree of discretion" in applying the first-to-file rule. *Alltrade,* 946 F.2d at 628. *See Adoma,* 711 F. Supp. 2d at 1149 (explaining that courts may disregard the first-to-file rule in the interests of equity). "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith,. . . anticipatory suit, and forum shopping." *Alltrade,* 946 F.2d at 627–28. Courts have also noted that demonstrations of prejudice may bar the application of the rule. *Jumapao v. Washington Mut. Bank, F.A.,* No. 06-cv-2285-W (RBB), 2007 WL 4258636, at *3 (S.D. Cal. Nov. 30, 2007).

Plaintiff relies on *Adoma,* 711 F. Supp. 2d 1142 (E.D. Cal. 2010), to argue that equity supports declining to apply the first-to-file rule here. There, the defendant sought dismissal under the first-to-file rule of the plaintiff's suit for various unpaid overtime wages. *Id.* at 1144. Plaintiff's suit articulated four theories of recovery: a Rule 23 class action, a collective action under the Fair Labor Standards Act ("FLSA"), an individual action and a PAGA representative action. *Id.* at 1145. The district court found that although the first-to-file rule may apply to the case, equitable considerations cautioned against its application. *Id.* at 1148. In particular, the district court was concerned about the other suit's lack of certification because the statute of limitations had not been tolled for the FLSA claim which would hinder recovery if certification in the other action was unsuccessful. *Id.* at 1149–50.

Here, there are no equitable concerns that would make applying the first-to-file rule inappropriate. As discussed above, the putative classes in the instant action and

the *Guillen* action are substantially similar such that resolution of that action would largely provide relief for Plaintiff and the group he seeks to represent. Moreover, granting a stay instead of dismissal "does not close the door on the putative class obtaining relief[ ]" but rather "is a tool of judicial economy to prevent substantially duplicative litigation and inconsistent judgments." *Richard v. St. Jude Med., Cardiology Div., Inc.*, No. 2:25-cv-11795-WLH-SK, 2026 WL 563430 (C.D. Cal. Feb. 25, 2026). *See also Hatfield v. Halifax, PLC,* 564 F.3d 1177, 1189 (9th Cir. 2009) (explaining that there is "no reason why, in an equitable tolling situation, California would require each individual California resident who is a member of the [plaintiff] class to file individually and burden the courts with numerous suits.").

Accordingly, the Court finds that a stay of Plaintiff's action is warranted as the first-to-file rule applies and no equitable concerns exist that prohibit its application. *See id.* (granting dismissal without prejudice of a wage and hour class action lawsuit where the first-to-file rule applied); *see also Alltrade,* 946 F.2d at 628–29 (reversing a district court's grant of dismissal in applying the first-to-file rule in favor of a stay where there were pending jurisdictional questions in the case).

**CONCLUSION**

Accordingly, the Court GRANTS Defendant's Motion (ECF No. 13) and STAYS this action pending final resolution of the *Guillen* action. The Parties shall file a status report every six (6) months from the date of this Order on the status of the related proceedings and the need to continue the stay.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – Wolford25cv03735.mtd_v3